UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE BLACK & DECKER CORPORATION, BLACK & DECKER INC., BLACK & DECKER (U.S.) INC., EMHART CORPORATION, and EMHART, INC., <br><br> Plaintiffs, <br> v. <br><br> LIBERTY MUTUAL INSURANCE COMPANY, <br><br> Defendant. | C.A. No. 1:04-CV-10848-DPW |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE
AND LIMIT PLAINTIFFS' JURY DEMAND**

**INTRODUCTION**

Plaintiffs, The Black & Decker Corporation, Black & Decker Inc., Black & Decker (U.S.) Inc., Emhart Corporation, and Emhart, Inc., (hereinafter collectively referred to as "Black & Decker"), filed this action against defendant, Liberty Mutual Insurance Corporation ("Liberty Mutual"), asserting claims primarily under M.G.L. c. 93A and C.G.S. § 42-110a *et seq*. The Complaint largely contains allegations of unfair practices by Liberty Mutual pertaining to claims submitted by Black & Decker for coverage. Complaint, at ¶¶ 25-111.

In its Complaint, Black & Decker requested a jury trial "on all issues in their Complaint." *Id.* at 37. However, as demonstrated below, Black & Decker has no right to a jury trial on Count I of its Complaint and is not entitled to a jury trial

-1-

with regard to any claim for punitive damages, attorney's fees, injunctive or equitable relief or costs on Count II of its Complaint.

## ARGUMENT

### I. BLACK & DECKER HAS NO RIGHT TO A JURY TRIAL ON COUNT I OF ITS COMPLAINT.

In Count I of its Complaint, Black & Decker alleges that Liberty Mutual engaged in unfair practices under M.G.L. c. 93A in connection with various claims submitted by Black & Decker to Liberty Mutual for coverage. See Complaint, at ¶¶ 112-116. In connection with these alleged unfair practices, Black & Decker asks the Court to award it damages, interest, costs, attorney's fees, treble damages, and "such other and further relief as is just and proper." See Complaint, at p. 37. Black & Decker also claims "a trial by jury of all issues in their Complaint." See id.

It is black letter law that Black & Decker does not have a right to a jury trial for M.G.L. c. 93A claims. E.g. Refuse & Envtl. Sys., Inc. v. Indus. Serv. of Am., Inc., 932 F.2d 37, 42 n. 2 (1st Cir. 1991) ("The district court properly decided the chapter 93A claim itself. There is no right to trial by jury under the statute."); Wallace Motor Sales, Inc. v. Am. Motors Sales Corp., 780 F.2d 1049, 1052 n. 1, 1064, 1066 (1st Cir. 1985); Foisy v. Royal Maccabees Life Ins. Co., 241 F. Supp. 2d 65, 66 (D. Mass. 2002); Walsh v. Chestnut Hill Bank And Trust Co., 414 Mass. 283, 288 (1993).

Thus, the trial judge decides whether the statute has been violated and what kind of relief, if any, is warranted under M.G.L. c. 93A. See Wallace, 780 F.2d at 1066. Although the Court, in its discretion, may use a jury in an advisory capacity,

the broad scope and apparent complexity of Black & Decker's allegations in this case suggest that a jury, even in an advisory capacity, should not be used. See A.F.M. Corp. v. Corporate Aircraft Mgmt., 626 F. Supp. 1533, 1550 (D. Mass. 1985); W. Oliver Tripp Co. v. Am. Hoechst Corp., 34 Mass. App. Ct. 744, 753 (1993).

Even if this Court were to allow a jury to advise it on Black & Decker's 93A claim, the jury would not be permitted to determine any issues of multiple damages and/or recovery of attorney's fees. See Melo-Tone Vending, Inc. v. Sherry, Inc., 39 Mass. App. Ct. 315, 317-318 (1995) (trial court awarded multiple damages and legal fees after electing to have the jury find the facts on the c. 93A question); see also Charles River Constr. Co., Inc. v. Kirksey, 20 Mass. App. Ct. 333, (1985) (trial court determined issues of multiple damages).

Moreover, even if this Court were to use a jury in an advisory capacity, it is not bound by the jury's findings when deciding a 93A claim, but rather must independently review the record and reach its own conclusions. See A.F.M., 626 F. Supp. at 1550, 1551 ("To accept the plaintiff's contention that the Court ought to be bound by the jury's determination of the common law claims would . . . give it a right to a jury trial through the back door . . . it would deny the defendant its right to have an independent judicial assessment of ch. 93A claims . . .Thus, the Court holds that it must make independent findings of fact even though they may conflict with the jury's determinations."); see also Perdoni Bros., Inc. v. Concrete Sys., Inc., 35 F.3d 1, 5 (1st Cir. 1994) (it is entirely acceptable that two fact finders, being a jury and a judge, reach conflicting conclusions on issues involving the same claims);

Chamberlayne School v. Banker, 30 Mass. App. Ct. 346, 354 (1991) (appellate court stated that "the broader scope and more flexible guidelines of c. 93A . . . permit a judge to make his or her own decisions under c. 93A without being constrained by the jury's findings").

Because there is no right to a trial by jury under c.93A, the law requires that Black & Decker's jury demand be stricken as to Count I of the Complaint.

II. **BLACK & DECKER IS NOT ENTITLED TO A JURY TRIAL ON CLAIMS FOR PUNITIVE DAMAGES, ATTORNEY'S FEES, INJUNCTIVE OR EQUITABLE RELIEF OR COSTS ON COUNT II OF ITS COMPLAINT.**

In Count II of its Complaint, Black & Decker asserts for the first time that Liberty Mutual's actions and non-actions were in violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), C.G.S. § 42-110a et seq. See Complaint, at ¶¶ 117-122. Although Liberty Mutual believes that such a claim is time barred and has moved to dismiss it, Black & Decker's demand for a jury trial also is contrary to Connecticut law. In its prayers for relief, Black & Decker requests that the Court award it punitive damages, costs, and attorney's fees under C.G.S. § 42-110a et seq. See Complaint, at p. 37.

C.G.S. § 42-110g(g) states: "[i]n any action brought by a person under this section there shall be a right to a jury trial except with respect to the award of punitive damages under subsection (a) of this section or the award of costs, reasonable attorneys' fees and injunctive or other equitable relief under subsection (d) of this section." See also Bristol Tech., Inc. v. Microsoft Corp., 127 F. Supp. 2d 64, 66 (D. Conn. 2000) ("Thus, CUTPA expressly requires that such an award

[attorney's fees] be made by the court . . ."). Thus, it is plain from the express language of the statute that Black & Decker is not entitled to a jury trial on its claims for punitive damages, attorney's fees and/or costs under C.G.S. § 42-110(g). See id. Consequently, the Court must strike Black & Decker's request for a jury trial on those claims.

## CONCLUSION

For the foregoing reasons, the Court should strike Black & Decker's jury demand as to Count I and limit Black & Decker's jury demand as to Count II.

LIBERTY MUTUAL INSURANCE COMPANY

By its attorneys,

_____
Ralph T. Lepore, III (BBO# 294420)
Deborah E. Barnard (BBO# 550654)
Jennifer L. Antoniazzi (BBO# 654653)
HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, MA 02116
(617) 523-2700

Dated: May 20, 2004
# 1905986_v2

*I hereby certify under the pains and penalties of perjury that this document was served upon counsel for all parties in this case on 5/20/04 by hand/by mail*