UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE BLACK & DECKER CORPORATION, BLACK & DECKER, INC., BLACK & DECKER (U.S.) INC., EMHART CORPORATION, and EMHART, INC.,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>LIBERTY MUTUAL INSURANCE COMPANY,<br><br>　　　　　Defendant. | CIVIL ACTION<br>No. 1:04-CV-10848-DPW |

**MOTION TO DISMISS THE COMPLAINT AND/OR MOTION FOR MORE DEFINITE STATEMENT OF LIBERTY MUTUAL INSURANCE COMPANY**

The defendant, Liberty Mutual Insurance Company ("Liberty Mutual"), pursuant to Fed. R. Civ. P. 12(b)(6), 12(e), and 8(a) and Local Rule 7.1, hereby moves to dismiss the Complaint of plaintiffs, The Black & Decker Corporation, Black & Decker, Inc., Black & Decker (U.S.) Inc., Emhart Corporation, and Emhart Industries, Inc. (collectively "Black & Decker"), because it fails to state a cause of action upon which relief can be granted as it fails to comply with the Court's Order to plead specific allegations, and because the new claim under the Connecticut statute is time barred. In the alternative, Liberty Mutual moves for a more definite statement of the claims being alleged against it under Chapter 93A and the breach of the covenant of good faith.

As set forth below and in the accompanying memorandum of law, Black & Decker's Complaint fails to state a cause of action as a matter of law since Black & Decker failed to comply with the Court's express instructions, as contained in the Court's April 8, 2004 Order-Status Report (the "Order") in *Liberty Mutual Insurance Co. v. The Black & Decker Corp., et al.*, Civil Action No. 96-10804-DPW, to plead specific allegations, including theories of relief, for each of the environmental claims that form the basis for its alleged Chapter 93A and breach of the covenant of good faith violations committed by Liberty Mutual.

Alternatively, the allegations of the Complaint are so vague that Black & Decker has not placed Liberty Mutual on notice of the claims to enable it to defend itself appropriately, and Black & Decker should be ordered to provide a more definite statement of its claims.

Further, Black & Decker's new claim for violation of the Connecticut Unfair Trade Practices Act (C.G.S.A. § 42-110a *et seq.*) ("CUTPA"), which it never asserted previously, is barred by the three-year statute of limitations since events forming the basis for the cause of action all occurred well over three years prior to the date the Complaint was filed and served. Moreover, the CUTPA claim is barred as a matter of law since the Court never provided Black & Decker with the right to plead this new cause of action pursuant to its April 8, 2004 Order and, therefore, the claim does not relate back to any prior filing for statute of limitations purposes.

As additional support for its Motion to Dismiss and/or Motion for More Definite Statement, Liberty Mutual relies on a copy of the Court's Order dated April

8, 2004, attached as Exhibit "A," and a copy of the transcript of the corresponding hearing dated April 8, 2004, attached as Exhibit "B."

WHEREFORE, the Defendant, Liberty Mutual Insurance Company, respectfully requests that: (1) the Complaint of Black & Decker be dismissed; (2) Liberty Mutual be awarded its fees and expenses; and (3) such other and further relief as this Court deems just and proper.

### CERTIFICATE PURSUANT TO LOCAL RULE 7.1

Counsel for Liberty Mutual certifies that it has conferred and attempted, in good faith, to resolve or narrow the issues presented in this motion.

### REQUEST FOR ORAL ARGUMENT

Liberty Mutual believes oral argument may assist the Court and respectfully requests an opportunity to be heard.

**LIBERTY MUTUAL INSURANCE COMPANY**

By its attorneys,

Ralph T. Lepore, III (BBO #294420)
Deborah E. Barnard (BBO #550654)
Brett D. Carroll  (BBO #640569)
HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, MA  02116
(617) 523-2700

*I hereby certify under the pains and penalties of perjury that this document was served upon counsel for all parties in this case on 5/20/04 by hand/by mail.*

Dated:  May 20, 2004

1901504_v1