UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY,<br><br>　　　　Plaintiff,<br><br>v.<br><br>THE BLACK & DECKER CORPORATION, BLACK & DECKER INC., BLACK & DECKER (U.S.) INC., EMHART CORPORATION, and EMHART, INC.,<br><br>　　　　Defendants. | CIVIL ACTION<br>NO. 96-10804-DPW<br><br> |

**PROTECTIVE ORDER REGARDING**
**CONFIDENTIALITY OF DOCUMENTS AND COMMUNICATIONS**

The Court, having determined that this action involves confidential and sensitive information, and good cause having been shown for entry of a Protective Order;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The term "this action" shall mean <u>Liberty Mutual Insurance Co. v. The Black & Decker Corp., et al.</u>, United States District Court for the District of Massachusetts, Civil Action No. 96-10804-DPW.

2. The term "the Maryland Action" shall mean <u>Black & Decker U.S., Inc. et al. v. Liberty Mutual Insurance Co. et al.</u>, Circuit Court for Baltimore County, Case No. 03-96-003801.

3. The term "producer" shall mean a party to this action, or a non-party that produces information and/or documentation,

including, but not limited to, responses to interrogatories, responses to requests for production, responses to requests for admission, experts' statements, documents, deposition testimony and responses to subpoenas in this action, and/or in the Maryland Action.

4. A party may designate any document, tangible thing or information it produces, provides or makes available to another party in this litigation as "CONFIDENTIAL" (hereinafter referred to as "Confidential Information"). Any party designating a document, tangible thing, or information as Confidential Information shall do so by stamping or otherwise marking such document with sufficient particularity to allow others to identify the specific document, tangible thing, or information being designated as "Confidential Information."

5. Nothing in this Order shall inhibit a party from independently obtaining publicly available information, including the final version of documents actually filed with the United States Congress, any State, County or local legislature, or any Federal, State, County or local regulatory authority or agency, nor shall this Order constitute a restriction on information so obtained, even if a copy of that document is otherwise provided in this litigation and designated as confidential. Use of any independently obtained documents shall be subject to any confidentiality or other restrictions regarding the use or

distribution of such documents imposed by the relevant authority or by law.

6. Except as otherwise provided herein, or upon further order of this Court, Confidential Information shall be used solely for the resolution of the disputes in this action and the Maryland Action between and among the parties, and for no other purpose.

7. Except to the extent disclosed at any stage of this action in open Court, notwithstanding the parties efforts pursuant to Paragraph 11, all Confidential Information shall be kept in a confidential manner by anyone entitled under this Order to receive it and may be disclosed to and among the following persons only:

    (a) The attorneys for the respective parties to this action and the attorneys of those same parties to the Maryland Action and employees of such attorneys who are assisting in the prosecution, defense, or settlement of these actions, including but not limited to the following counsel of record: Willcox, Pirozzolo & McCarthy, Professional Corporation, 50 Federal Street, Boston, Massachusetts; Miles & Stockbridge, Professional Corporation, 600 Washington Avenue, Towson, Maryland (also having offices in other locations in Maryland and in Washington, D.C.); Warner & Stackpole LLP, 75 State Street, Boston, Massachusetts; Law Offices of J. Owen Bracken, Jr., Baltimore; and Swidler & Berlin, 3000 K Street, Washington, D.C., not counsel of record.

(b) Any present or former officer, director, or employee of the parties in connection with the prosecution, defense, or supervision of this action and/or the Maryland Action;

(c) Any expert, investigator or consultant (including any employee of such expert, investigator or consultant) who is employed, retained, or otherwise consulted by a party or its attorney for the purpose of analyzing data, conducting studies, performing investigations or providing opinions to assist in this action;

(d) Any person (including that person's attorney) who a party's attorney believes may be called to give testimony at any stage of the proceedings on matters relating to Confidential Information;

(e) Counsel for, or authorized personnel of, any auditors, reinsurers or retrocessionaires of any party;

(f) The Court and Court personnel, including Court reporters, involved in this action; and

(g) Witnesses, including deponents, as provided in this Order. Prior to any such disclosure, the disclosing party shall notify the opposing party, and upon notice, the opposing party may require the witness to consent to be bound by the terms of the Order; and

(h) Attorney for other parties in the Maryland Action.

8. Any person who makes any disclosure of Confidential Information permitted by this Order shall advise each person to whom such disclosure is made concerning the terms of this Order. Furthermore, all persons identified in Paragraphs 7(c), 7(d), 7(e) and 7(h), above to whom Confidential Information is disclosed under this Order shall sign the "Consent To Be Bound By Stipulation And Protective Order" (the "Consent Form") attached hereto stating that they have received and read the Order; that they understand the Order; and that they will comply with the Order. Copies of such executed Consent Forms shall be held in escrow by counsel who provide access to the Confidential Information until further order of the Court or agreement by all counsel with an interest in such Confidential Information. These restrictions relevant to Confidential Information do not apply to use by a producer of Confidential Information which it produces.

9. Those identified in Paragraph 7(a) above need not execute the Consent Form, but they shall be advised of the terms and be provided with a copy of this Order.

10. (a) Persons attending depositions taken in this action at which Confidential Information or any information contained therein is identified, discussed or disclosed shall be limited to the court reporter, the deponent, counsel for the deponent, counsel for the parties and any representative of the parties who are bound by the terms of this Order and such other persons identified in Paragraph 5 of this Order. If any Confidential

Information is to be used during the deposition of a non-party witness, the deponent shall be given a copy of the Order prior to the deposition and advised that he or she is bound by the terms of the Order.

(b) Upon receipt of each transcript, the entire transcript shall be deemed Confidential for fourteen days, during which time a party may designate specific portions thereof as Confidential. After the fourteen day period, only those portions of the transcript designated as Confidential, either on the record or during the fourteen day period after receipt of the transcript, shall be deemed Confidential.

11. Confidential Information that is filed with the Court and pleadings, motions, and other papers that contain Confidential Information that are filed with the Court in this action and with the Court in the Maryland Action, shall be filed under seal if Confidential Information or materials containing any Confidential Information, is included in any papers to be filed in Court, such papers shall be filed in a sealed envelope bearing the caption of this action and with the following notice to the Clerk of the Court.

> "PROTECTED INFORMATION
> By Order of Court, this envelope is to remain
> sealed and the Clerk of Court shall not reveal the
> contents thereof to any person other than the
> Court or attorneys of record for the parties until
> further order of this Court."

12. A party who intends to use Confidential Information or disclose information contained therein in a Court proceeding in

-6-

this action or the Maryland Action shall take all reasonable steps to ensure the continuing confidentiality of the Confidential Information. In the event that any of the Confidential Information, or the contents thereof, is used in any Court proceeding in this action or the Maryland Action, it shall not lose its confidential status through such use.

13. In the event that a party seeks to utilize any Confidential Information that is the subject of the Protective Order in the Maryland Action, it shall advise the Maryland Court of this Protective Order, seek entry of a comparable Protective Order in the Maryland Action.

14. Nothing in this Protective Order shall restrict or limit in any fashion (a) the producer of the Confidential Information from using or disclosing such Confidential Information, or (b) from using or disclosing any document or information acquired by some means independent of formal or informal discovery in this action and/or the Maryland Action, even if a copy of that document is otherwise produced in this litigation and designated as confidential. For purposes of this Protective Order, "informal discovery" means production of documents or information by a party pursuant to a Case Management Order or a request that is not in the form of a discovery request set forth by the Federal Rules of Civil Procedure.

15. For good cause, any party may seek modification or termination of this Order first by attempting to obtain the

consent of every other party to such modification, and then, absent consent, by application to this Court. The party seeking such modification or termination shall give notice to all non-party producers under this Order no later than fourteen (14) days prior to the effective date of the modification or termination. The producers so notified may then, prior to the effective date of modification or termination, petition the Court for relief. If this Order is modified by agreement, it shall be submitted to the Court, as modified, for execution.

16. This Order shall be without prejudice to the right of the parties (i) to raise whether any particular document or information is Confidential or (ii) to move for a separate protective order as to any particular document or information, including restrictions differing from those herein. This Order shall not be deemed to prejudice the parties in any way in any application for modification of this Order. Nothing in this Order nor any production or proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party regarding the confidentiality or nonconfidentiality of any such document or information.

17. At the conclusion of this action, the producer will notify all parties and all those persons or entities who have agreed to be bound by the terms of the Order, that they must either:

(a) return to the producer all Confidential Information in their possession or in the possession of their witnesses, potential witnesses, and their agents, including, but not limited to, any expert investigator or consultant (or any employee thereof), including copies thereof, with the producer bearing the cost of such return; or

(b) destroy all such materials in their possession or the possession of their witnesses, potential witnesses, and their agents, including, but not limited to, any expert investigator or consultant (or any employee thereof), including copies thereof. A party which chooses to destroy shall certify to all other parties in writing that all Confidential Information has been destroyed. Notwithstanding the provisions of this paragraph, an insurer may retain materials needed to pursue recovery of reinsurance. Materials retained for this purpose shall be subject to the requirements of this paragraph when the material is no longer needed to pursue reinsurance.

18. Notwithstanding any other provisions of this Order, attorney work product that embodies or references Confidential Information shall not be subject to the provisions of Paragraph 16 of this Order.

19. This Order shall survive the termination of this action and continue in full force and effect unless waived by the written consent of the producer.

20. If any party ceases its involvement in this action, by settlement or otherwise, such party shall comply with the terms of Paragraph 16 within a reasonable time thereafter.

21. If the producing party agrees to waive its designation of any materials as "Confidential," it shall notify all parties of the waiver in writing and this Order shall no longer apply to such materials.

22. This Court shall have jurisdiction over the parties hereto with respect to any dispute concerning the enforcement or interpretation of this Protective Order and the use thereof. Should a Special Master be appointed, any such disputes should be brought to the Special Master for resolution in the first instance.

23. The recipients shall act to minimize the number of persons to whom such Confidential Information is disclosed. The parties agree to cooperate fully and in good faith with each other in attempting to resolve any disputes which may arise as to the terms and effect of this Protective Order so that recourse to a Special Master (if appointed) or the Court may be kept at a minimum.

IT IS SO ORDERED.

_____
Douglas P. Woodlock
U.S. District Court Judge

Date: October 30, 1996

## CONSENT TO BE BOUND BY
## STIPULATION AND PROTECTIVE ORDER

I, the undersigned, have read and understand the terms and conditions of the Protective Order in <u>Liberty Mutual Insurance Co. v. The Black & Decker Corp., et al.</u>, U.S.D.C., D. Mass, C.A. No. 96-10804-DPW, and I consent under penalty of contempt to be bound by its terms as follows:

(1) I agree that I will make no further disclosure of confidential material and will personally protect the confidentiality of all documents received from the attorneys who presented this Consent.

(2) I agree to return all confidential documents to the attorneys who presented this consent to me within sixty (60) days after the conclusion of the captioned case, whether by dismissal, final judgment, or settlement, or, in the alternative, I will during that time destroy all such documents and provide the attorneys with a sworn affidavit to that effect.


Signature: _____


Printed Full Name: _____     Dated: _____


If representing another party, identify: _____

11478-122-148455 v1

-11-